**Trinity Methodist Episcopal Church of Chicago, Defendant in Error, v. Marie Methodist Episcopal Church of Chicago and James M. Wheaton, Plaintiffs in Error.**

**Gen. No. 22,159.    (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. JAMES C. MARTIN, Judge, presiding. Heard in this court at the March term, 1916. Affirmed. Opinion filed June 19, 1916.

### Statement of the Case.

Action by Trinity Methodist Episcopal Church of Chicago, plaintiff, against Marie Methodist Episcopal Church of Chicago, a corporation, and James M. Wheaton, defendants, to recover on a stay of execution bond.

There was a former review of this case, the opinion of which is reported in 192 Ill. App. 222, where all the essential facts appear.

BRUNDAGE, LANDON & HOLT, for plaintiffs in error.

EDDY, WETTEN & PEGLER, for defendant in error; CLARENCE N. BOORD and JASPER F. ROMMEL, of counsel.

MR. JUSTICE HOLDOM delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 870*—*what abstract should not contain.* An abstract should not contain argumentative matter.

2. APPEAL AND ERROR, § 1298*—*when presumed that jury regularly impaneled and that their verdict regular.* It will be presumed on appeal that a jury was regularly impaneled in an action upon a stay bond and that their verdict was regular when objection is made for the first time on appeal.

3. APPEAL AND ERROR, § 1886*—*when right to have damages assessed by jury in action on bond.* The defendant in an action upon a bond given upon the prosecution of a writ of error in a forcible entry proceeding is entitled to have the damages assessed by a jury, as such damages are unliquidated.

4. APPEAL AND ERROR—*what is procedure in action on stay bond after striking affidavit of defense.* Where the affidavit of defense to an action upon a stay bond given upon the prosecution of a writ of error in a forcible entry proceeding is stricken from the files, all that remains to be done is to assess the damages of plaintiff, and all that defendants may do on such assessment is to cross-examine witnesses in diminution of damages.

5. APPEAL AND ERROR, § 1883*—*what is effect of striking affidavit of defense in action on stay bond.* Every material averment of a statement of claim in an action on a stay bond stands admitted where the affidavit of defense is stricken from the files.

6. APPEAL AND ERROR, § 1859*—*when defendants in action on stay bond estopped by recitals thereof.* The recital of the judgment in a stay bond offered in evidence is sufficient proof of its existence, and the defendants are estopped from denying such recital or other recitals.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.